UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KODEE R. BECKETT, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;[1] <br><br> Defendant. | 3:16-CV-03048-RAL <br><br><br> OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES |

Plaintiff Kodee R. Beckett (Beckett) filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), Doc. 23, following this Court's Opinion and Order Reversing and Remanding the Commissioner's Decision to deny Beckett's application for supplemental security income, Doc. 21. Beckett seeks $17,706.31 in fees and $34.78 in costs.[2] Doc. 23. The

---

[1] In a letter to the President dated March 6, 2018, the United States Government Accountability Office (GAO) reported that the service of Ms. Berryhill as Acting Commissioner of Social Security ended on November 16, 2017, pursuant to the Vacancies Reform Act. The GAO concluded that while the Social Security Administration continues to designate Ms. Berryhill as Acting Commissioner, it is a violation of the Vacancies Reform Act to use the acting title of a position during the period in which the position should be vacant. In Ms. Berryhill's case, the 210-day period for which she was authorized to serve as Acting Commissioner under the Vacancies Reform Act began running on April 20, 2017, and ended on November 16, 2017. Notwithstanding the Social Security Administration's continuing designation of Ms. Berryhill as Acting Commissioner, it appears that agency is currently without a Commissioner. The GAO's letter to the President can be found at https://www.gao.gov/products/D18772#mt=e-report.

[2] Beckett's attorney is employed by Disability Rights South Dakota, a § 501(c)(3) non-profit corporation which is exempt from state and local sales taxes. In prior similar cases where South Dakota Advocacy Services (now Disability Rights South Dakota) represented the plaintiff, the entity did not request sales taxes on attorney's fees. Consequently, sales taxes do not appear proper to award here.

1

Commissioner of Social Security (Commissioner) does not oppose an award of attorney's fees or the hourly rate Beckett's counsel charges, but argues that the $34.78 claimed by Beckett as costs should be considered "expenses" under the EAJA, and objects to the number of hours for which Beckett's counsel seeks compensation. Doc. 26 at 2. For the reasons stated below, this Court grants in part Beckett's motion.

I. **Background**

This Court issued a lengthy Opinion and Order Reversing and Remanding the Commissioner's Decision, Doc. 21, which provided a detailed explanation of the facts and issues of this case. In short, Beckett sought a hearing with an Administrative Law Judge (ALJ) after the Commissioner twice denied her application for supplemental security income. AR 146, 152–54, 178. The ALJ ultimately determined that Beckett was not disabled, and the Appeals Council declined to review that decision, finding it was proper under the law. AR 1–6, 37–57. Beckett subsequently filed an appeal in this Court, arguing both that the ALJ improperly discounted the opinions of certain treatment providers and non-treatment sources, and that the ALJ's decision was not supported by substantial evidence. This Court found that the ALJ committed legal error by discounting the opinions of Beckett's treating psychiatrist based solely on a lack of treatment records which the ALJ neglected to seek, and remanded the decision on that basis. Doc. 21 at 33–39.

II. **Analysis**

A. **"Costs" vs. "Expenses" under the EAJA**

Beckett characterized the $34.78 incurred from various mailings as "costs" initially, but Eighth Circuit precedent identifies postage as an allowable "expense" under the EAJA. See Kelly v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988). The Commissioner requests this distinction be

made because "expenses" are paid from the agency fund whereas "costs" are paid from the judgment fund. Doc. 26 at 1–2. Accordingly, this Court will award Beckett $34.78 as an allowable expense under the EAJA.

**B. Compensable hours**

The Commissioner does not object to the award of attorney fees or the hourly rate of $189.88 proposed in this case, but argues the 93.25 hours claimed by Beckett's counsel are not reasonable and requests this Court award fees for 38 hours instead. Doc. 26 at 2–5. The Commissioner contends that "Plaintiff's counsel has failed to justify such a drastic deviation from the average EAJA award in Social Security disability cases compensating a plaintiff's counsel for 20 to 40 hours of work." Doc. 26 at 3. According to the Commissioner, the eight hours billed to prepare this EAJA motion "demonstrates the excessive nature of [Beckett's counsel's] billing" because attorneys typically only bill one to two hours for such work. Doc. 26 at 4. Beckett's counsel argues that there are no redundant or unnecessary hours billed because no time has been claimed for the review and editing work of other staff attorneys in this case, and asserts that the hours, far from being excessive, represent a conservative reporting. Doc. 27 at 1–2.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by counsel were "reasonably expended." See 28 U.S.C. § 2412(d)(2)(A); Blum v. Stenson, 465 U.S. 886, 901 (1984). Upon review of the time log submitted by Beckett's counsel and consideration of the parties' arguments, this Court finds that some modest reductions to the compensable hours are warranted.

3

The hours reported in the time log fall into the following categories: miscellaneous, time spent reviewing the file and preparing the initial brief, time spent preparing the reply brief, and time spent preparing this EAJA motion.

In the miscellaneous category, Beckett's counsel reported five hours devoted to tasks such as preparing some initial pleadings, emailing the United States Attorney's office, and research for filing *in forma pauperis*. Doc. 24-1 at 1. These tasks took place in November and December of 2016, shortly after attorney Hamilton took over Beckett's case. This Court finds that attorney Hamilton reasonably expended five hours in this category.

Attorney Hamilton reported 57.5 hours reviewing the file and preparing the initial brief. Doc. 24-1 at 1–2. The Administrative Record in this case was 951 pages, and attorney Hamilton's initial brief, which provided a thorough overview of Beckett's history and argued that the ALJ improperly weighted the opinions of 13 different medical and non-medical sources, was 40 pages. See Doc. 18. Having thoroughly reviewed the Administrative Record in producing the 43 page Opinion and Order Reversing and Remanding the Decision of the Commissioner, this Court is fully aware of the careful examination that was required of the lengthy treatment records contained in the Administrative Record in order to obtain a complete understanding of Beckett's history and conditions. Although this Court did not endorse every argument Beckett made, the initial brief in part persuaded this Court that the ALJ had not provided permissible reasons for discounting the opinions of several sources. Because of the extensive nature of Beckett's challenges to the Commissioner's decision, as well as the voluminous Administrative Record in this case, this Court finds that attorney Hamilton reasonably expended 57.5 hours reviewing the file and preparing the initial brief.

Attorney Hamilton reported 22.75 hours in the preparation of the reply brief. Doc. 24-1 at 2. In the Commissioner's response brief in opposition to Beckett's motion for summary judgment, Doc. 26, each source opinion was discussed and arguments made that the weight given them by the ALJ was justified. Attorney Hamilton was reasonable in addressing each of these arguments and cited extensively to the Administrative record once again. However, the substance of the arguments set forth in this brief was substantially similar to that presented in the initial brief. The Commissioner did present a new argument in the response brief that there was no step-two error in the ALJ's five-step sequential evaluation process, Doc. 26 at 6–8, but because Beckett was not appealing to this Court on the basis of a step-two error, no additional effort was required to address that argument. While it was no doubt a time-consuming affair to address the multiple sources in this case and the corresponding arguments of the Commissioner as to why the ALJ properly weighted the opinions of those sources, the amount of time claimed by attorney Hamilton warrants reduction because of the repetitive nature of those arguments. This Court finds that the reasonable time expended for the reply brief would have been 20 hours.

Lastly, attorney Hamilton reports eight hours in the preparation of this EAJA motion. Doc. 24-1 at 2. Under the EAJA, a prevailing party is entitled to recover fees for the time spent preparing the EAJA fee application and subsequent efforts to support that application. See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 162 (1990) ("We find no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application."). While these fees are collectible, the reasonable time expended under the circumstances strikes this Court as being no more than six hours. The brief in support of the EAJA motion is nine pages and includes a sparse argument that the Commissioner's position was not substantially justified, Doc. 25 at 4–5, which was not further contested by the Commissioner.

Attorney Hamilton preempted the Commissioner's arguments that the number of hours reported in this case was not reasonable because this is a position the Commissioner seems to take almost by default. See Stickler v. Berryhill, CIV. 14-5087-JLV, 2017 WL 4792220 (D.S.D. Oct. 23, 2017); Lays Hard v. Berryhill, CIV. 14-5063-JLV, 2017 WL 4797797 (D.S.D. Oct. 23, 2017); Hansen v. Colvin, Civ. No. 12-4208-KES, 2014 WL 4114348 (D.S.D. Aug. 19, 2014); Long v. Colvin, Civ. No. 12-4060-KES, 2013 WL 5701640 (D.S.D. Oct. 18, 2013); Jones v. Astrue, No. Civ. 11-5014-JLV, 2013 WL 441907 (D.S.D. Feb. 5, 2013). These are not complex or novel issues, are recurring in cases of this nature, and consequently are reasonably addressed through allowing six hours in the preparation of such an EAJA motion and brief.

After proper reduction, this Court finds a total of 88.5 hours were reasonably expended by attorney Hamilton in the course of this case, for a total attorney's fee award of $16,804.38. While the Commissioner argues for a reduction to 38 hours, the arguments and case law submitted to support this request are unpersuasive. For instance, the Commissioner's citation to Coleman v. Astrue, No. C05-3045-PAZ, 2007 WL 4438633 (N.D. Iowa Dec. 17, 2007), does little to bolster the Commissioner's argument because that case involved an Administrative Record that was only 294 pages and issues that were "not unusually complex." Id. at *3. Moreover, the Commissioner is mistaken in contending that the district court reduced the number of hours from 62 to 30 in Nelson ex rel. M.K.N.B. v. Astrue, No. 10-4001 JNE/TNL, 2011 WL 6987176 (D. Minn. Dec. 23, 2011), because the court awarded attorney's fees for 42 hours in that case. Id. at *4. The Commissioner's arguments notwithstanding, "the ultimate amount of an EAJA fee award remains within the district court's discretion," and this Court has made its determination of what is reasonable in this case. Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990).

## C. Whether the Fees May Be Paid Directly to Beckett's Attorney

The Commissioner requests that the EAJA fee be awarded to Beckett as it may be subject to an offset in order to satisfy any pre-existing debt Beckett may owe to the United States. Doc. 26 at 5 (citing Astrue v. Ratliff, 560 U.S. 586, 598 (2010)). Attorney Hamilton did not respond to this request in the reply brief in support of this motion, but did provide an affidavit and assignment of the EAJA fee, signed by Beckett, in the initial filing of this motion, whereby Beckett has assigned her entitlement to any fee under the EAJA to attorney Hamilton. See Doc. 23-1.

This Court has previously considered the question of whether an assignment of EAJA fees is to be honored when the claimant owes no debt or whether, in light of Ratliff, EAJA fees must always be paid to the client. See Johnson v. Astrue, No. CIV 10-4052-RAL, 2011 WL 4458850 (D.S.D. Sept. 23, 2011). Recognizing that district courts in the Eighth Circuit have split on the question, this Court concluded that "[t]he underlying purposes and policies of the EAJA are better served by honoring such an assignment when the litigant owes no other federal debt." Johnson, 2011 WL 4458850 at *10. Indeed, this Court further concluded that honoring assignments of these fees is a recognition of the fact that the fee award belongs to the plaintiff, as contract law recognizes an assignment as a "manifestation of the assignor's intention to transfer" their rights. Id. (quoting Restatement (Second) of Contracts § 317 (1981)). Nothing has occurred since Johnson which persuades this Court to depart from its prior reasoning. As such, this Court will allow the Government a 60-day period to determine whether any portion of the EAJA award in this case is subject to offset and to remit to Beckett's attorney the balance due after any appropriate offset is applied.

7

## III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Beckett's Motion for Attorney's Fees, Doc. 23, is granted in part. It is further

ORDERED that Beckett is entitled to fees in the amount of $16,804.38 in attorney's fees, and expenses of $34.78 for postage. It is further

ORDERED that the Social Security Administration shall determine within 60 days whether Beckett has outstanding federal government debt. If Beckett has no federal government debt, then the full award shall be issued to Beckett's counsel. If Beckett has outstanding federal government debt, then the amount of that debt shall be offset from the award and the difference shall be issued to Beckett's counsel.

DATED this 18th day of June, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE